## CAIN et v. MATTHEWS SELECTED DAIRIES CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3066. Decided July 18, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

85. APPEAL—639. Injunction—855. Nuisance—Where injunction is refused, but court retains case, granting time for purpose of minimizing objectionable noises and, at end of period, refuses relief and dismisses case, plaintiff may appeal from decision rendered at end of period.

Motion to dismiss appeal.
Overruled.

Bettinger, Schmidt & Kreis, Cincinnati, for Cain.

John C. Hermann, Cincinnati, for Matthews Selected Dairies Co.

STATEMENT OF FACTS.

The original action in the Court of Common Pleas was for an injunction.

The plaintiffs are residents of a district in which the defendant operates a dairy and ice plant. Plaintiffs seek, by injunction, to abate a nuisance claimed to be caused by the defendant in the operation of its ice plant, charging unnecessary noises at unseasonable hours of the day and night.

On Feb. 10, 1926, the court, after hearing, entered a decree denying the injunction, but did find that there were some unnecessary noises which might be abated, and retained the case, with instructions to the defendant to minimize and reduce the objectionable noises, and granted a period of three months for the purpose of making arrangement and experiments. Upon the expiration of the period of three months, the plaintiffs filed a supplemental petition, charging the failure to minimize the noises and objectionable features in accordance with the February decree. On hearing, the Court refused plaintiffs relief, and dismissed the case.

Plaintiffs gave notice of their intention to appeal, and gave an appeal bond. The defendant moved the dismissal of the appeal on the ground that the appeal should have been taken from the February decree, that the Court, having refused the injunction at that time, was without power to retain the case for the purposes named.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

HAMILTON, PJ.

We are of the opinion that the case comes within the ruling in the case of Stothfang v. Cincinnati Aluminum Castings Co., 13 Oh. Ap. 334 and cases therein cited. This decision was in line with the case of Bliss v. Anaconda Copper Mining Co., 167 Fed. Rep. 342. On authority of these cases, the motion to dismiss the appeal will be overruled.

(Cushing, J., concurs.)

---

## COULTON v. BUNOWITZ

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8346. Decided Nov. 21, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

444. EARNEST MONEY.—Cannot be arbitrarily held by prospective vendor, where deal is not consummated.

Error to Municipal Court.
Judgment affirmed.

Gaughan & Collins, Cleveland, for Coulton.
A. Kollin, Cleveland, for Bunowitz.

FULL TEXT.

PER CURIAM

This case comes from the Municipal Court and involves a five hundred dollar deposit by way of earnest money in connection with a real estate transaction. The deal for some reason was not consummated and the prospective vendor seeks to hold the money. In several cases coming before this court we have held that the prospective vendor under such circumstances cannot arbitrarily withhold the earnest money so deposited with him. In a suit against such prospective vendor, it is competent for him by way of cross petition to show what, if any, damage, he has sustained, so as to lessen the amount he is obligated to return, but he cannot act as his own judge and jury and award the entire amount to himself. In this case there was no cross demand filed by the plaintiff and the court had no choice, in our opinion, except to render judgment for defendant in error, the person who deposited the money with the plaintiff in error.

We find no error and the judgment of the Municipal Court will be affirmed.

(Sullivan, PJ., Levine and Vickery, JJ., concur.)